### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BANKERS STANDARD INSURANCE CO. <br> 463 Walnut St. <br> Philadelphia, PA 19106 <br><br> and, <br><br> PACIFIC INDEMNITY CO. <br> 202B Halls Mill Rd. <br> Whitehouse Station, NJ 08889 <br><br> and, <br><br> GREAT NORTHERN INSURANCE CO. <br> 202B Halls Mill Rd. <br> Whitehouse Station, NJ 08889 <br><br> Plaintiffs, <br><br> Vs. <br><br> VINOD ANAND <br> 251 Highland Meadow Rd. <br> Flora, MS 39071 <br><br> and, <br><br> ASHA ANAND <br> 3250 N Street NW, Unit 2A <br> Washington, DC 20007 <br><br> Defendants. | CIVIL ACTION NO.: 19-cv-1661 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiffs, Bankers Standard Insurance Company, Pacific Indemnity Company, and Great Northern Insurance Company, by and through their undersigned counsel, complaining of defendants, hereby aver, upon information and belief, as follows:

## THE PARTIES

1. Plaintiff Bankers Standard Insurance Company (hereinafter "Bankers Standard") is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 463 Walnut St., Philadelphia, PA, and at all times material hereto was authorized to issue policies of insurance.

2. Plaintiff Great Northern Insurance Company (hereinafter "Great Northern") is a corporation duly organized and existing under the laws of Indiana, with a principal place of business located at 202B Halls Mill Rd., Whitehouse Station, NJ, and at all times material hereto was authorized to issue policies of insurance.

3. Plaintiff Pacific Indemnity Company (hereinafter "Pacific Indemnity") is a corporation duly organized and existing under the laws of Wisconsin, with a principal place of business located at 202B Halls Mill Rd., Whitehouse Station, NJ, and at all times material hereto was authorized to issue policies of insurance.

4. Defendant Vinod Anand is, upon information and belief, an adult citizen of the State of Mississippi and resides at 251 Highland Meadow Rd., Flora, MS 39071.

5. Defendant Asha Anand is, upon information and belief, an adult citizen of the District of Columbia and resides at 3250 N Street NW, Unit 2A, Washington, DC.

## JURISDICTION AND VENUE

6. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1332(a), as the matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy Five Thousand Dollars ($75,000) and there is diversity of citizenship between the plaintiffs and defendants.

7.  Venue in this action is proper in the District of Columbia pursuant to 28 U.S.C. §1391 as the claim arose in this district.

## GENERAL ALLEGATIONS

8.  At all times material hereto, Marc Duber (hereinafter "Duber") owned the property located at 3248 N Street NW, Washington, DC (hereinafter the "Duber Property").

9.  At all times material hereto, Joseph and Patricia Lonardo (hereinafter "Lonardo") owned the property located at 3252 N Street NW, Washington, DC (hereinafter the "Lonardo Property").

10. At all times material hereto, Fabiola Martens (hereinafter "Martens") owned the property located at 3250 N Street NW, Unit 1B, Washington, DC (hereinafter the "Martens Property").

11. At all times material hereto, Plaintiff Bankers Standard provided property insurance for the Duber Property, pursuant to policy number 267027307 (hereinafter the "Duber Policy").

12. At all times material hereto, Plaintiff Pacific Indemnity provided property insurance for the Lonardo Property, pursuant to policy number 1267857201 (hereinafter the "Lonardo Policy").

13. At all times material hereto, Plaintiff Great Northern provided property insurance for the Martens Property, pursuant to policy number 1408332301 (hereinafter the "Martens Policy").

14. At all times material hereto, Defendant Asha Anand owned and/or resided at 3250 N Street NW, Unit 2A, Washington, DC (hereinafter the "Defendant Property"), which neighbored the Duber, Lonardo, and Martens properties.

15. At all times material hereto, Defendant Vinod Anand owned and/or resided at the Defendant Property.

16. On or about December 17, 2017, Defendants Vinod Anand and/or Asha Anand were using a fire place inside the Defendant Property.

17. On or about December 17, 2017, Defendant Vinod Anand and/or Asha Anand removed smoldering materials from the fireplace, including a fire log, and placed the smoldering materials near the exterior of 3250 N Street NW, Washington, DC.

18. On or about December 17, 2017, the smoldering materials ignited a fire, causing severe and extensive damage to the Duber Property, Lonardo Property, and Martens Property (hereinafter the "Fire").

19. Pursuant to the terms and conditions of the Duber Policy, Bankers Standard paid Duber for the aforementioned property damage and other damages arising from the Fire in an amount in excess of One Million Four Hundred Thirty One Thousand Dollars ($1,431,000.00).

20. Pursuant to the terms and conditions of the Lonardo Policy, Pacific Indemnity paid Lonardo for the aforementioned property damage and other damages arising from the Fire in an amount in excess of Eight Hundred Eighty Seven Thousand Dollars ($887,000.00) with additional claims pending.

21. Pursuant to the terms and conditions of the Martens Policy, Great Northern paid Martens for the aforementioned property damage and other damages arising from the Fire in an amount in excess of One Hundred Thousand Dollars ($100,000.00).

22. In accordance with the common law principles of equitable and/or legal subrogation, as well as the terms and conditions of the Duber Policy, Lonardo Policy, and Martens Policy, the plaintiffs, Bankers Standard, Pacific Indemnity, and Great Northern are subrogated to the rights of Duber, Lonardo, and Martens, respectively, to the extent of their payments.

**COUNT ONE**

**NEGLIGENCE**
**Plaintiffs v. Defendant Vinod Anand**

23. Plaintiffs incorporate by reference each and every allegation set forth above as though fully set forth herein at length.

24. Defendant Vinod Anand had a duty to safely and properly discard materials from the fireplace and to make sure his actions did not damage the property of others, which he breached.

25. As a direct and proximate result of defendant Vinod Anand's negligence and carelessness, a fire occurred at the premises, causing severe and extensive damage to the Duber, Lonardo, and Martens properties.

26. The aforementioned fire and the resulting damages sustained by Duber, Lonardo, and Martens, was directly and proximately caused by the negligence, carelessness, recklessness,

gross negligence, and/or omissions of defendant Vinod Anand both generally and in the following particulars:

    (a)    causing or allowing a fire to occur at the premises;

    (b)    failing to exercise reasonable care when using the fireplace;

    (c)    failing to exercise reasonable care when discarding smoldering materials;

    (d)    failing to use a safe and acceptable receptacle when discarding smoldering materials;

    (e)    failing to properly supervise use of the fireplace;

    (f)    failing to provide safe and adequate means for the removal of smoldering materials from the fireplace;

    (g)    allowing the fireplace to be used in an unsafe manner;

    (h)    failing to extinguish smoldering materials before discarding;

    (i)    failing to prevent the fire at the premises from spreading to the property of Duber, Lonardo, and/or Martens;

    (j)    failing to properly extinguish the fire after its discovery;

    (k)    failing to promptly contact the public fire authorities after discovering the fire;

    (l)    causing or allowing a fire hazard to exist within the Defendant Property;

    (m)    otherwise failing to use due care under the circumstances.

WHEREFORE, Plaintiffs, Bankers Standard Insurance Company, Pacific Indemnity Insurance Company, and Great Northern Insurance Company, demand judgment against Defendant Vinod Anand in an amount in excess of the aforementioned damages, together with interest and the cost of this action, and such other and further relief as this Court deems just and proper.

## COUNT TWO

### NEGLIGENCE
### Plaintiffs v. Defendant Asha Anand

27. Plaintiff incorporates by reference each and every allegation set forth above as though fully set forth herein at length.

28. Defendant Asha Anand had a duty to safely and properly discard materials from the fireplace and to make sure her actions did not damage the property of others, which she breached.

29. As a direct and proximate result of defendant Asha Anand's negligence and carelessness, a fire occurred at the premises, causing severe and extensive damage to the Duber, Lonardo, and Martens properties.

30. The aforementioned fire and the resulting damages sustained by Duber, Lonardo, and Martens, was directly and proximately caused by the negligence, carelessness, recklessness, gross negligence, and/or omissions of defendant Asha Anand both generally and in the following particulars:

    (a)    causing or allowing a fire to occur at the premises;

    (b)    failing to exercise reasonable care when using the fireplace;

    (c)    failing to exercise reasonable care when discarding smoldering materials;

    (d)    failing to use a safe and acceptable receptacle when discarding smoldering materials;

    (e)    failing to extinguish smoldering materials before discarding;

    (f)    failing to prevent the fire at the premises from spreading to the property of Duber, Lonardo, and/or Martens;

    (g)    failing to properly extinguish the fire after its discovery;

(h)  failing to promptly contact the public fire authorities after discovering the fire;

(i)  causing or allowing a fire hazard to exist within the Defendant Property;

(j)  otherwise failing to use due care under the circumstances.

WHEREFORE, Plaintiffs, Bankers Standard Insurance Company, Pacific Indemnity Insurance Company, and Great Northern Insurance Company, demand judgment against defendant Asha Anand for an amount in excess of the aforementioned damages, together with interest and the cost of this action, and such other and further relief as this Court deems just and proper.

Respectfully submitted,

COZEN O'CONNOR, P.C.

By: /s/ Chad E. Kurtz, Esq.
Chad E. Kurtz, Esq.
Bar No.: 1016934
1200 19th St. NW, Suite 300
Washington, DC 20036
(202) 463-2521
ckurtz@cozen.com

Co-Counsel:
Kevin J. Hughes, Esq.*
Michael D. O'Donnell, Esq.*
1650 Market Street, Suite 2800
Philadelphia, PA 19103
(800) 523-2900
khughes@cozen.com
mdodonnell@cozen.com
*To move for Pro Hac Vice admission